JUDGE GARDEPHE

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------- X

EASYGROUP LTD.,

                        Plaintiff,

        -against-

EASYBUS, INC.,

                        Defendant.

------------------------------------------------------------------- X

**COMPLAINT**

14 Civ. ____

14 CV 7700

        Plaintiff easyGroup Ltd. ("easyGroup"), by and through its undersigned counsel, for its complaint against defendant Easybus, Inc. ("Easybus") alleges as follows:

### NATURE OF THE ACTION

        1.        This action seeks monetary relief for trademark infringement and unfair competition in violation of Section 43(a) of the Lanham Act (15 U.S.C. § 1125(a)) and for counterfeiting in violation of Section 32(1) of the Lanham Act (15 U.S.C. § 1114(1)).

### THE PARTIES

        2.        Plaintiff easyGroup is a company registered in the United Kingdom.

        3.        On information and belief, defendant Easybus is a corporation organized and existing under the laws of the state of New York, and does business in this judicial district.

### JURISDICTION AND VENUE

        4.        This Court has jurisdiction over the subject matter of this action pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331 and 1338.

        5.        This Court has personal jurisdiction over defendant because defendant continuously and systematically conducts business within the State of New York.

19145629

6. Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(b), (c), and (d), because on information and belief, defendant resides and/or has engaged in the complained-of acts of infringement in this judicial district

## PRELIMINARY STATEMENT

7. This is an action to enforce and protect plaintiff's valuable intellectual property rights. Plaintiff's licensee, Easybus Limited, provides express bus and coach services to and from central London and local airports under the EasyBus brand. The trademarks at issue are used in conjunction with this EasyBus service.

8. Defendant Easybus has adopted plaintiff's exact trademarks to identify services that are identical to plaintiff's. Defendant's use of its infringing mark and domain name are substantially identical and/or confusingly similar to plaintiff's marks, which are used in connection with arranging of transportation of passengers by bus and land. Defendant's conduct constitutes trademark infringement, unfair competition, and counterfeiting. Plaintiff should be awarded money damages for all prior acts of infringement and competitive injury.

## FACTUAL BACKGROUND

### Plaintiff's Trademarks

9. Founded in 2003, plaintiff's EasyBus service provides express bus and coach services to and from central London and its local airports. Plaintiff has been using its EASYBUS mark in conjunction with its EasyBus service for the transportation of passengers and travelers since at least 2004.

10. Plaintiff owns registrations for two trademarks (and the associated goodwill) which are used by itself, affiliated companies, and by third parties under license, in conjunction with plaintiff's EasyBus service.

11. Plaintiff is the owner of U.S. Trademark Registration No. 3,155,481 for EASYBUS for "transportation of goods, passengers and travelers by air, bus and car; transport brokerage; arranging of transportation of goods, passengers and travelers by land and sea; providing online computerized reservations and bookings for transportation; travel agency services, namely, making reservations and bookings for transportation; travel information services; tourist agency services; [providing an online computer database in the field of transportation services." easyGroup filed its trademark application on October 18, 2002, and the United States Patent and Trademark Office (the "USPTO") issued Registration No. 3,155,481 on October 17, 2006.

12. Plaintiff is also the owner of U.S. Trademark Registration No. 4,356,384 for EASYBUS for "transportation of goods, passengers and travellers by land; transport brokerage of freight and passengers; transportation of passengers by bus and coach; arranging of transportation of passengers and travellers by car, bus, coach, or train; travel agency services, namely, travel booking and travel reservation services; rental of vehicles; arranging, operating and providing facilities for tours, excursions and vacations, namely, arranging travel tours, and excursions, organization, booking and arrangement of excursions, day trips and sightseeing tours, tour guide services, travel and excursion arrangement." easyGroup filed its trademark application on March 26, 2012, and the USPTO issued Registration No. 4,356,384 on June 25, 2013. Collectively, U.S. Trademark Registration Nos. 3,155,481 and 4,356,384 are referred to as the "EASYBUS Marks".

13. Services have been offered under the EASYBUS Marks to United States customers since 2004, via easyGroup's central website www.easy.com, as well as links on

easyJet's website (at www.easyjet.com), which allows United States consumers to pre-book the EasyBus service.

14.     Over 30,000 United States credit card holders have booked travel through the EasyBus service. Generally, each credit card holder books two to three seats. Therefore, the EasyBus service has serviced between 60,000 and 90,000 United States passengers. On information and belief, easyGroup's customer base overlaps with defendant's customer base.

### Defendant's Infringing Use of the EASYBUS Marks

15.     On information and belief, defendant provides transportation software to teachers and administrators. In addition, defendant maintains a website www.easybus.com for its domain name "www.easybus.com".

16.     Defendant is marketing and selling software under the EASY BUS mark and easybus.com domain name, which includes an online module for arranging the transportation of passengers by bus and land, namely "online field trip request." On information and belief, that functionality was added in or about 2005.

17.     On information and belief, defendant solicits New York customers and distributes, markets, promotes, advertises, offers for sale, and sells its services to consumers in New York and throughout the United States via its online retail website. On information and belief, defendant has sold its services to customers in New York.

18.     Defendant uses the EASY BUS mark and easybus.com domain name in connection with its business of distributing, marketing and selling its services. Defendant distributes, markets, and sells its services through online retail channels.

19.     On information and belief, defendant adopted and has used the EASY BUS mark and easybus.com domain name in soliciting customers as well as distributing,

marketing, promoting, advertising, offering for sale, and selling its services to consumers in New York, throughout the United States, and abroad.

20. Defendant is the owner of U.S. Trademark Registration No. 2,868,855 for EASY BUS for "Computer program for scheduling maintenance of a fleet of automotive buses." Notably, defendant's registration does not cover the use of arranging of transportation of passengers by bus and land, a service defendant adopted in 2005 through its use of its online module for arranging the transportation of passengers by bus and land through the "online field trip request."

21. Defendant's actions are likely to cause consumer confusion or mistake, or to mislead or deceive consumers, as to the source, origin, connection, affiliation, sponsorship or approval of defendant's services and its company's affiliation with, connection to or ownership of or by plaintiff. Defendant's actions are also likely to divert and appropriate to defendant the goodwill created by easyGroup in its Marks. Defendant's distribution, marketing, and sales of its services under the EASY BUS mark and easybus.com domain name are likely to mislead consumers into believing that defendant and defendant's services are affiliated with, connected to, or authorized or sponsored by easyGroup, when no such relationship exists between easyGroup and defendant.

22. The likelihood of consumer confusion is increased and compounded by the high degree of similarity between the parties' marks, customers, and services.

23. Plaintiff's EASYBUS Marks and defendant's infringing mark are identical.

24. In addition, on information and belief, easyGroup's customer base overlaps with defendant's customer base.

25. Finally, in light of the striking similarities between defendant's services and easyGroup's services, there is a substantial likelihood that any gap between the services distributed, marketed, offered, or sold by easyGroup and defendant will further narrow or disappear altogether.

26. On information and belief, defendant's actions have been willful, intentional, reckless, and/or in bad faith.

## COUNT I
## TRADEMARK INFRINGEMENT AND UNFAIR COMPETITION

27. Plaintiff repeats and realleges paragraphs 1 through 26 as if fully set forth herein.

28. Defendant's EASY BUS mark and easybus.com domain name incorporate and are confusingly similar to plaintiff's EASYBUS Marks.

29. On information and belief, defendant adopted and began using the EASY BUS mark and easybus.com domain name in conjunction with the arranging of transportation of passengers by bus and land a year after plaintiff first used its EASYBUS Marks in commerce.

30. Defendant's use of its EASY BUS mark and easybus.com domain name is identical to plaintiff's EASYBUS Marks.

31. Defendant's use of its EASY BUS mark and easybus.com domain name for the arranging of transportation of passengers by bus and land is similar in sound, sight, and meaning to plaintiff's EASYBUS Marks for the arranging of transportation of passengers by bus and land.

32. Defendant's use of its EASY BUS mark and easybus.com domain name for the arranging of transportation of passengers by bus and land creates the same or nearly the same commercial impression as to one or more of plaintiff's EASYBUS Marks for the arranging

of transportation of passengers by bus and land.

33. Defendant's easybus.com domain name is identical to plaintiff's EASYBUS Marks for the arranging of transportation of passengers by bus and land.

34. Defendant's easybus.com domain name creates a similar commercial impression as to one or more of plaintiff's EASYBUS Marks.

35. Plaintiff and defendant both offer services for the arranging of transportation of passengers by bus and land.

36. Plaintiff and defendant solicit some of the same potential customers, and have a similar customer base.

37. Plaintiff and defendant use the same or similar channels of trade and both use the Internet to advertise their services.

38. There is a substantial likelihood that any gap between the services distributed, marketed, offered, or sold by easyGroup and defendant will further narrow or disappear altogether.

39. Defendant's unauthorized use, offer, and sale of its goods and services under the EASY BUS mark and easybus.com domain name constitutes use of a false designation of origin and a false description that has caused and is likely to cause confusion, mistake, or deception as to the characteristics, qualities, or origin of defendant's goods and services, as to an affiliation, connection, or association between defendant and plaintiff, and as to the sponsorship or approval or defendant's goods and services by plaintiff.

40. Defendant's unauthorized use, offer, and sale of its goods and services under the EASY BUS mark and easybus.com domain name tends to falsely represent that defendant is connected with, or that defendant's activities are approved by, plaintiff. The

activities have taken plaintiff's reputation out of its control so that any failure by defendant to maintain adequate standards will reflect adversely on plaintiff.

41. On information and belief, defendant has intentionally falsely designated the origin of its goods and services by adopting and using a term that is substantially the same as the EASYBUS Marks so as to profit from plaintiff's reputation by confusing the public as to the source, origin, sponsorship, or approval of defendant's goods and services, with the intention of deceiving and misleading the public at large, and of wrongfully trading on the goodwill and reputation of plaintiff.

42. Defendant's acts constitute trademark infringement in violation of Section 43 of the Lanham Act, 15 U.S.C. § 1125(a).

43. Because, on information and belief, defendant acted with knowledge of plaintiff's rights and with the intent to cause, or with reckless disregard for, consumer confusion, mistake, and deception, plaintiff is entitled to recover the profits defendant has enjoyed through its infringing conduct, actual damages, enhanced profits and damages, costs and attorneys' fees, as this is an exceptional case, under 15 U.S.C. §§ 1114, 1116, and 1117.

## COUNT II
### FEDERAL COUNTERFEITING

44. Plaintiff repeats and realleges paragraphs 1 through 43 as if fully set forth herein.

45. Defendant has used, and continues to use in commerce, marks that are identical to, or substantially indistinguishable from, plaintiff's EASYBUS Marks, which are registered on the Principal Register of the USPTO.

46. Plaintiff has used and continues to uses its federally registered EASYBUS Marks, Registration Nos. 3,155,481 and 4,356,384, in connection with the nationwide

distribution, advertising, marketing, and sales of plaintiff's services since at least as early as 2004.

47.   Defendant adopted the EASY BUS mark and easybus.com domain name for use with the arranging of transportation of passengers by bus and land in 2005.

48.   Defendant has used and continues to use in commerce the EASY BUS mark and easybus.com domain name in connection with the distribution, advertising, marketing, and sale of products and services that are identical and directly competitive with plaintiff's services offered under plaintiff's federally registered EASYBUS Marks.

49.   Defendant's use of its EASY BUS mark and easybus.com domain name will cause a likelihood of confusion, mistake, and deception with plaintiff's EASYBUS Marks by creating the false and misleading impression that defendant's services are connected with or affiliated with, or sponsored, approved, or authorized by plaintiff.

50.   Defendant has used and continues to use plaintiff's federally registered EASYBUS Marks without plaintiff's authorization or consent.

51.   On information and belief, defendant has acted willfully, intentionally, recklessly, and/or in bad faith.

52.   Defendant's acts constitute counterfeiting in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114(1).

53.   Because, on information and belief, defendant has acted and continues to act with knowledge of plaintiff's rights, defendant's counterfeiting is intentional, willful and/or reckless, and, should plaintiff so elect, plaintiff is entitled to recover statutory damages in the amount of up to $2,000,000 for each act of counterfeiting, costs and reasonable attorneys' fees, as this is an exceptional case, under 15 U.S.C. §§ 1114, 1116, and 1117.  Alternatively, plaintiff

is entitled to recover the profits defendant has enjoyed through its infringing conduct, actual damages, enhanced profits and damages, costs and reasonable attorneys' fees under 15 U.S.C. §§ 1114, 1116 and 1117.

## PRAYER FOR RELIEF

WHEREFORE, plaintiff easyGroup respectfully requests this Court enter judgment in its favor as follows:

(1) An order permanently enjoining defendant and all affiliated or related entities, agents, officers, employees, representatives, successors, assigns, attorneys and all other persons acting for, with, by, through or under authority from defendant, in concert or participation with defendant, pursuant to the powers granted to this Court by 15 U.S.C. § 1116, from:

(a) using EASY BUS alone or with any other term or design as a trade name or trademark, or domain name, or any trade name, trademark, or domain name confusingly similar thereto, in connection with the sale, offer for sale, distribution, advertisement, or any other use in connection with the arranging of transportation of passengers by bus and land;

(b) infringing plaintiff's EASYBUS Marks;

(c) otherwise unfairly competing with plaintiff in the offering for sale, distribution, and advertisement of the arranging of transportation of passengers by bus and land services;

(d) falsely representing itself or its services or products as being connected with plaintiff or sponsored by or associated with plaintiff or engaging in any

act which is likely to cause the trade, contractors, customers, and/or members of the purchasing public to believe that defendant is associated with plaintiff;

    (e) using any reproduction, counterfeit, copy, or colorable imitation of plaintiff's EASYBUS Marks in connection with the publicity, promotion, sale, or advertising of the arranging of transportation of passengers by bus and land services;

    (f) registering or using, directly or indirectly, any domain name containing the terms EASYBUS or any misspelling of the same; and

    (g) assisting, aiding, or abetting any other person or business entity in engaging in or performing any of the activities referred to in subparagraphs (a) through (f) above

  (2) An order directing defendant to transfer to plaintiff the domain name www.easybus.com, and any other domain name that includes the term "easybus" and any other domain name that is confusingly similar to plaintiff's EASYBUS Marks;

  (3) An order directing defendant to expressly abandon any trademark, service mark, trade name, or business name filings or registrations that incorporate, comprise, imitate or are confusingly similar to the EASYBUS Marks, which it has made or secured;

  (4) An order awarding plaintiff the profits earned by defendant in connection with its infringing acts, as well as actual damages, enhanced profits and damages, costs and reasonable attorneys' fees, as this is an exceptional case, under 15 U.S.C. §§ 1114, 1116, and 1117;

  (5) An order awarding plaintiff statutory damages in the amount of up to $2,000,000 for each act of counterfeiting, costs and reasonable attorneys' fees, as this is an exceptional case, under 15 U.S.C. §§ 1114, 1116, and 1117;

(6)     An order awarding plaintiff punitive damages as a result of defendant's willful and wrongful acts;

(7)     An order directing defendant to serve and file a written report under oath setting forth in detail the manner and form in which it has complied with the Court's judgment, within thirty (30) days after the entry and service of the judgment; and

(8)     An order awarding plaintiff any such other and further relief as may be deemed just and proper.

New York, New York
September 23, 2014

                Respectfully submitted,

                CURTIS, MALLET-PREVOST,
                COLT & MOSLE LLP

By: _____
       Turner P. Smith (TS 8052)
       Michael R. Graif (MG 4795)
       Nicole M. Mazanitis (NM 1983)
101 Park Avenue
New York, New York 10178
(212) 696-6000

*Attorneys for Plaintiff*